UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAKHU MAA TEM HERU, | Case No. 2:22-cv-454 |
| Plaintiff, | |
| vs. | District Judge James L. Graham<br>Magistrate Judge Karen L. Litkovitz |
| STATE OF OHIO, et al., | **ORDER AND REPORT** |
| Defendants. | **AND RECOMMENDATION** |

Plaintiff, a prisoner at the Southeastern Correctional Institution, has filed a pro se civil rights complaint and amended complaints in this Court against defendants the State of Ohio, the Tuscarawas County Court of Common Pleas, Judge Elizabeth L. Thomakos, the Ohio Department of Rehabilitation and Correction (ODRC), Warden Jenny Hildebrand, and Warden Tim McConahay.[1] (*See* Doc. 14 at PageID 180). By separate Order plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint, as amended, to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

---

[1] Plaintiff has filed an original complaint (Doc. 1) and three amended complaints and/or motions for leave to file an amended complaint (*See* Doc. 3, 9, 14). Plaintiff's motions for leave to amend (Doc. 9, 14) are **GRANTED**. Plaintiff's June 21, 2022 amended complaint (Doc. 14) supersedes plaintiff's previous complaints for all purposes. *See In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013); *see also Pacific Bell Telephone Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009).

## Screening of Plaintiff's Complaint

### A. Legal Standard

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(2) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

---

² Formerly 28 U.S.C. § 1915(d).

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

B. **Allegations in the Complaint**

In the complaint, plaintiff indicates that beginning in March of 2008, he was incarcerated in the ODRC as a result of Muskingum County and Tuscarawas County convictions. (Doc. 14 at PageID 181). Plaintiff claims that on December 11, 2017, after receiving results from his 23andMe ancestry test, he "exercised his right of Election and activated the 'titles and rights of Mexican Citizens' provision of Art.'s 8-9 of the Treaty of Guadalupe Hidalgo 9 Stat. 922 and Art. 5 of the Gadsen Treaty 10 Stat. 575." (*Id.*). Plaintiff further alleges that in 2020, while incarcerated at the London Correctional Institution, he attempted to have his legal name and status of record changed in the ODRC. Plaintiff sought to change his name from Sekou Imani to Sakhu Maa Tem Heru. (*See id.* at PageID 185-86). According to plaintiff, he was informed by prison staff that the only way to do so would be by obtaining an order from the sentencing court, amending the name on the sentencing entry. (*Id.* at PageID 182).

On September 16, 2020, plaintiff mailed a "Motion for Common Law Name Change/Status Correction" in the Tuscarawas County probate court. (*See* Doc. 14 at PageID 182; Doc. 1-3, Exhibit 5 at PageID 101). Plaintiff also claims that he filed a "Motion in Demand to Know the Nature and Cause of Detention" in the Tuscarawas County, Ohio Court of Common Pleas. (Doc. 14 at PageID 182; Doc. 1-3, Exhibit 7 at PageID 115). According to plaintiff, "[t]he Defendants failed to respond or render a decision to either of Plaintiff's motions . . . and the Defendants failed to challenge the legal existence of Plaintiff SAKHU MAA TEM HERU as a legal entity and juristic person." (Doc. 14 at PageID 183).

Based on the above allegations, plaintiff contends that defendants State of Ohio, Tuscarawas County Court of Common Pleas, and Judge Thomakos "committed multiple trespasses to his person and property by their refusal to respond, render a judgment, or provide the necessary

4

relief to plaintiff." (*Id.* at PageID 184). Plaintiff further contends that defendants violated the following rights [b]y failing to provide Plaintiff such relief as required by law, or give notice on the record of why they were unable to do so:

1. Right to be free from prolonged arbitrary detention (4th and 14th Amend. U.S. Const.)
2. Right to sue and defend on his own behalf and in his corporate name (1st and 14th Amend. U.S. Const.)
3. Right of access to the courts (1st and 14th Amend. U.S. Const.)
4. Right to make and enforce contracts (Art. 1 § 10, and the 14th Amend., U.S. Const.)
5. Right to exist as a person before the law (Art. IV § 2, 1st and 14th Amend., U.S. Const.)
6. Right to procedural and substantive due process
7. Right to equal protection of the law (14th Amend. U.S. Const.)

(*Id.*). With respect to defendants Wardens Hildebrand and McConahay, plaintiff claims that these defendants have arbitrarily held him in custody. Plaintiff reasons that because "the Defendant Court of Common Pleas gave an implied admission in the record that it lacked jurisdiction over Plaintiff SAKHU MAA TEM HERU . . . the ODRC must also lack the authority to detain Plaintiff." (*See id.* at PageID 196).

Plaintiff seeks declaratory and injunctive relief. (*Id.* at PageID 191).

C. **Analysis**

Plaintiff's complaint is subject to dismissal at the screening stage. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).[3]

---

[3] The undersigned notes that it appears that the complaint is subject to dismissal on the ground of *res judicata*, which "provides that a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in [that] prior action." *Harris v. Ashley,* No. 97-5961, 1998 WL 681219, at *2 (6th Cir. Sept. 14, 1998) (per curiam) (quoting *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir. 1995), in turn quoting *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981)). Plaintiff has filed at least two other actions similarly raising claims pertaining to the Treaty of Guadalupe Hidalgo, his indigenous status, and/or his custody. In *Heru v. Ohio,* No. 5:17-cv-247, 2017 WL 2402461 at *1 (N.D. Ohio June 2, 2017), plaintiff also named as defendants the State of Ohio, the Tuscarawas County Court of Common Pleas, and Judge Thomakos, alleging that "based on his indigenous status and defendants' failure to respond to his [documents filed in the Tuscarawas County Court of Common Pleas], the Tuscarawas County Court of Common Pleas lacked subject matter jurisdiction to proceed with his criminal prosecution in case no. '2007 01 0145' which he contends voids his conviction." In *Heru v. Ohio,* 2:18-cv-686 (S.D. Ohio July 13, 2018), plaintiff also filed an action against the State of Ohio, the ODRC, the Tuscarawas County Common Pleas Court, and other state officials, arguing that his rights under the Treaty of Guadalupe Hidalgo were violated and that the defendants did not have the authority to detain him in light of his ancestry. *See id.* at Doc. 5 PageID 338-39; Doc. 11 at PageID 371-372). *See also Heru v. Ohio,* Case No. 2:17-cv-658 (S.D. Ohio Aug. 28,

As an initial matter, plaintiff's amended complaint asserts that he has been arbitrarily detained by defendants Warden Hildebrand and McConahay.[4] (*See id.* at PageID 194–98). On this basis he claims that he is entitled to immediate release. However, to the extent that plaintiff seeks release from custody, the proper mechanism for petitioner to challenge his present physical custody is a petition for a writ of habeas corpus, not this civil rights action. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Thus, to the extent that plaintiff seeks relief in the form of his release from custody his sole remedy is a petition for a writ of habeas corpus after exhausting his state court remedies.[5] Accordingly, defendants Hildebrand and McConahay should be dismissed as defendants to this action.

The complaint must also be dismissed against the State of Ohio because it is immune from suit. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978);

---

2017) (Doc. 13 at PageID 420) (discussing plaintiff's claim that the Tuscarawas County Court lacked jurisdiction over him because there was no case pending against him under his name Sakhu Maa Tem Heru). In both cases, the district court dismissed petitioner's claims under 28 U.S.C. § 1915. However, in this case, the Court need not reach the question of whether plaintiff's claims are barred by *res judicata*, because for the reasons stated below plaintiff has not stated a claim upon which relief may be granted against the named defendants.

[4] Plaintiff indicates in his May 4, 2022 amended complaint that he names McConahay, Warden of the Mansfield Correctional Institution, because of plaintiff's temporary placement at that facility. (Doc. 9 at PageID 165). He further indicates that Hildebrandt is named as the Warden of London Correctional Facility where he expected to be transferred and was previously located. (*See id.* at PageID 166; Doc. 18, 19).

[5] It appears that plaintiff has already sought federal habeas relief based on the claims asserted in this action. *See In re Heru*, No. 19-3804 (6th Cir. Mar. 26, 2020) (denying plaintiff's motion for an order authorizing the district court to consider a second or successive § 2254 petition asserting his rights under the Treaty of Guadalupe Hidalgo and challenging his continued detention).

*Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar prohibiting lawsuits against a state in federal court do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976). Nor has plaintiff sued a state official seeking prospective injunctive relief against future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). In addition, Congress has not "explicitly and by clear language" expressed its intent to "abrogate the Eleventh Amendment immunity of the States" when enacting Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 341-43, 345 (1979). Therefore, the State of Ohio is immune from suit in this case.

The complaint must also be dismissed against the Tuscarawas County Court of Common Pleas and the ODRC. The defendant Tuscarawas County Court of Common Pleas is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action. Capacity to sue or be sued in the United States District Courts is governed by Fed. R. Civ. P. 17. Rule 17(b) provides, in pertinent part: "In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held. . . ." Fed. R. Civ. P. 17(b). The Ohio Supreme Court has concluded that Ohio courts are not sui juris. "Absent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St.2d 245, 248, 344 N.E.2d 126 (1976) (quoting *State ex rel. Cleveland Municipal Court v. Cleveland City Council,* 34 Ohio St.2d 120, 121, 296 N.E.2d 544 (1973)). *See Harsh v. City of Franklin, Ohio*, No. 1:07-cv-874, 2009 WL 806653, at *4 -5 (S.D. Ohio March 26, 2009) (holding the Warren County, Ohio Court of Common Pleas and City of Franklin Municipal Court not sui juris); *Burton v. Hamilton County Juvenile Court*, No. 1:04-cv-368, 2006 WL 91600, at *5 (S.D. Ohio

Jan. 11, 2006) (holding that Hamilton County Juvenile Court is not a legal entity capable of being sued); *see also Yoel v. Gandolf,* No. 1:06-cv-387, 2007 WL 777983, at *5 (N.D. Ohio March 12, 2007) (holding that Lake County, Ohio Court of Common Pleas cannot sue or be sued in a § 1983 action). Accordingly, the complaint against Tuscarawas County Court of Common Pleas must be dismissed on the ground that it fails to state a claim upon which relief may be granted.

With respect to the ODRC, Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. A correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983. *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983). *See also, e.g., McGlone v. Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that claims against a state prison and the ODRC should be dismissed at the screening stage because "neither the state prison facility nor the state corrections department is an entity capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.); *see also Hix v. Tennessee Dep't of Corr.,* 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002).

Finally, the complaint should be dismissed against defendant Judge Thomakos because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act

maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir.1985). Plaintiff's complaint alleges no facts to plausibly suggest that defendant Thomakos presided over a matter in which she was without subject matter jurisdiction, performed non-judicial acts, or otherwise violated plaintiff's rights. Accordingly, defendant Thomakos should also be dismissed as a defendant to this action.

The undersigned is otherwise unable to discern from the facts alleged in the complaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief against the named defendants. Insofar as plaintiff is alleging claims under Ohio law, the Court should decline to exercise supplemental jurisdiction over those claims. *Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 210 (6th Cir. 2004) (although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion, when a court dismisses all federal claims before trial, it generally should dismiss the state law claims as well).

Accordingly, in sum, because plaintiff has failed to state an actionable claim against the named defendants, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motions for leave to amend (Doc. 9, 14) are **GRANTED.**

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint, as amended, be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: 11/3/2022

Karen L. Litkovitz
United States Magistrate Judge