UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAKHU MAA TEM HERU,
    Plaintiff,

vs.

STATE OF OHIO, et al.,
    Defendants.

Case No. 2:22-cv-454

Graham, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, a prisoner at the London Correctional Institution, has filed a civil rights complaint in this Court. On November 3, 2022, the undersigned issued a Report and Recommendation that the complaint, as amended, be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (Doc. 21). The Report and Recommendation remains pending. This matter is now before the Court on plaintiff's "Common Law Motion of Intent, Request for Stay" (Doc. 24) and "Common Law Motion to Vacate and Rescind" (Doc. 25).

In the first motion (Doc. 24), plaintiff provides notice of his intent to file a motion to vacate and rescind. Because plaintiff has since filed his "Common Law Motion to Vacate and Rescind," his motion of intent (Doc. 24) is **DENIED as moot.**

In the "Common Law Motion to Vacate and Rescind," plaintiff moves the Court to vacate the November 3, 2022 Order granting plaintiff's motion for leave to proceed *in forma pauperis*. (*See* Doc. 25). According to plaintiff, the Court unlawfully granted plaintiff *in forma pauperis* status and improperly considered him a prisoner, as defined by 28 U.S.C. § 1915(h). (*See id.* at PageID 252-53).

Upon review of plaintiff's motion—which the Court construes as a motion for reconsideration of the November 3, 2022 Order granting plaintiff leave to proceed *in forma pauperis*—the motion (Doc. 25) is **DENIED**. As a general rule, motions for reconsideration are not favored unless the movant demonstrates: "(1) a manifest error of law; (2) newly discovered

evidence which was not available previously to the parties; or (3) intervening authority." *Meekison v. Ohio Dept. of Rehab. & Corr.,* 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citing *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)). The Court has carefully reviewed plaintiff's request. In this case, there is no intervening change of controlling law, nor has plaintiff submitted new evidence that was not previously available to him or demonstrated a manifest error of law.

Plaintiff has not alleged any facts or cited any legal authority that suggests that reconsideration of the Court's November 3, 2022 Order or Report and Recommendation is warranted. Although plaintiff asserts that "at no time has he ever knowingly filed or attempted to file a request to proceed IFP in this action" (Doc. 25 at PageID 253), plaintiff in fact filed a motion for leave to proceed *in forma pauperis*, as well as a copy of his prisoner trust fund account statement, on July 27, 2022.[1] (*See* Doc. 16, 17). Furthermore, although plaintiff claims that he was improperly deemed a prisoner under 28 U.S.C. § 1915(h), his argument is unavailing. Plaintiff asserts that there is no evidence that he has ever been "accused of, convicted of, sentenced for, or adjudicated delinquent for violations of criminal law." (Doc. 25 at PageID 252). However, plaintiff is currently in the custody of the Ohio Deparmtent of Rehabilitation and Correction based on his 2008 Tuscarawas County, Ohio convictions and sentence.[2]

---

[1] Plaintiff appears to argue that because the submitted prisoner trust fund account is under his name "Sekou M. Imani," and not his desired name, Sakhu Maa Tem Heru, that his *in forma pauperis* application was incomplete and his motion was improperly granted. (*See* Doc. 25 at PageID 253). Plaintiff notes in his complaint that he sought to change his name to Sakhu Maa Tem Heru, which he claims "is a legal entity and juristic person who for purposes of this action must be regarded as a Citizen/Corporation organized under the laws of Arizona." (Doc. 14 at PageID 180). With respect to his claim that he was not properly considered a "prisoner" under 28 U.S.C. § 1915(h), plaintiff claims the state court has not altered its records to reflect his purported name change. (Doc. 25 at PageID 254). The undersigned is not persuaded that reconsideration is warranted based on plaintiff's arguments.

[2] Viewed at http://general.clerkweb.co.tuscarawas.oh.us/ under Case No. 2007 CR 040145. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

Plaintiff's motion provides no basis for reconsideration of the Court's November 3, 2022 Order or Report and Recommendation.

To the extent that plaintiff otherwise seeks for the Court to waive the filing fee in this action his motion is also denied. The obligation to pay the full filing fee attaches when a prisoner files his complaint and, under the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(b), "[p]risoners are no longer entitled to a waiver of fees and costs." *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). *See also Stubbs v. Ohio Dep't of Rehab. & Corr.*, No. 1:17-cv-813, 2018 WL 3218703, at *1 (S.D. Ohio July 2, 2018) ("Under the PLRA, the moment a prisoner files his complaint with the Court, he becomes responsible for the filing fee" and "[t]he PLRA contains no language suggesting that the courts have authority or any discretion to allow prisoners to depart or deviate from the payment schedule explicitly set out in [28 U.S.C. § 1915(b)(2)].") (internal quotation marks and citations omitted). The Court is without any legal authority to waive plaintiff's filing fee in this case.

Accordingly, in sum, plaintiff's motions (Doc. 24, 25) are **DENIED.**

**IT IS SO ORDERED.**

Date: 8/7/2023

Karen L. Litkovitz
United States Magistrate Judge