IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sakhu Maa Tem Heru,                                    Case No: 2:22-cv-454

       Plaintiff,                                    Judge Graham

    v.                                                Magistrate Judge Litkovitz

State of Ohio, et al.,

       Defendants.

## **ORDER**

This matter is before the Court on the Magistrate Judge's November 11, 2022 Report and Recommendation (ECF No. 21), which recommended this Court dismiss Plaintiff's civil action with prejudice. Plaintiff responded to the Report and Recommendation via a Common Law Motion to Vacate and Rescind. (ECF No. 25.) In his February 21, 2023 Response to Order, Plaintiff asserted that his Common Law Motion to Vacate and Rescind (ECF No. 25) was his response to the Report and Recommendation. (ECF No. 28.) The Common Law Motion to Vacate and Rescind was denied by the Magistrate Judge on August 7, 2023. (ECF No. 32.)[1]

In the Common Law Motion to Vacate and Rescind, Plaintiff objects to the Report and Recommendation on the grounds that he was granted *in forma pauperis* status without his consent, that he was falsely applied prisoner status, and that the Magistrate Judge never received a prisoner trust fund account statement.

As sufficiently detailed in the Magistrate Judge's Order denying the Common Law Motion, these objections are without merit. (ECF No. 32.) Briefly, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 16.) Plaintiff also submitted a Prisoner Trust Fund Account Statement to the Court. (ECF No. 17.) It was these documents that prompted the Magistrate Judge to conduct a review of Plaintiff's eligibility for *in forma pauperis* status. Additionally, Plaintiff's allegation that he was falsely applied prisoner status is mistaken. Plaintiff contends that he was never convicted of any violation of criminal law. However, Plaintiff alleges in his complaint that

---

[1] The Magistrate Judge also denied Plaintiff's Motion of Intent (ECF No. 24) as moot.

he was "committed to the Ohio Department of Rehabilitations and Corrections (ODRC) pursuant to judgment entries issues by the Defendant" in case no 2007 04 0145. (ECF No 1. at PAGEID 82.) Therefore, he was properly applied prisoner status.

Turning to the Report and Recommendation, Plaintiff's claims regarding arbitrary detention must be addressed with a writ of habeas corpus, not a civil rights action, so the complaint must be dismissed against Warden Hildebrand and Warden McConahay. Additionally, the complaint must be dismissed against the State of Ohio because it is immune from suit. The complaint must be dismissed against the Tuscarawas County Court of Common Pleas and the ODRC because they are not proper defendants in a civil action under 42 U.S.C. § 1983. Finally, the complaint must be dismissed against Judge Thomakos because judges are afforded absolute immunity from damages for acts that they commit while functioning in their judicial capacities. Additionally, the complaint must be dismissed because Plaintiff fails to state a federal claim against the named defendants.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. (ECF No. 21.) The Plaintiff's Amended Complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal of this order would not be taken in good faith for the reasons stated in the Report and Recommendation. Therefore, the Court declines to issue a certificate of appealability and denies Plaintiff leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: August 9, 2023